d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH HILL ET AL, Plaintiff | CIVIL DOCKET NO. 1:18-CV-01363 LEAD |
| VERSUS | JUDGE JOSEPH |
| GEO GROUP INC ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Compel production of insurance policy documents filed by Plaintiffs. ECF No. 79. Defendants collectively oppose. The Court conducted oral argument today, and during that argument, Defendants also requested clarification of or adjustment to certain pretrial deadlines.

For reasons detailed below and more fully on the record, the Motion to Compel (ECF No. 79) is GRANTED IN PART to the extent it seeks production of additional insurance policies or documents subject to disclosure under Fed. R. Civ. P. 26(a)-(b). The Court construes Defendants' request for deadline clarifications as a MOTION TO ALTER the Court's previous orders regarding deadlines. That Motion is GRANTED IN PART AND DENIED IN PART, as set forth below.

Regarding the Motion to Compel, Defendants' obligation to disclose discoverable insurance policies was not disputed. The scope of that production, and of the search preceding that production, was disputed. Defendants effectively argue

1

that they have "produced what they have," and that more may be unresponsive or redundant. That argument does not abide, particularly in this context.

Under Fed. R. Civ. P. 34, parties must produce more than the documents within their immediate control, and must invest more than a passing effort to satisfy initial disclosure and discovery obligations. Rules 26 and 34 seek clear efficiencies, the foremost of which is to preclude orders like this one and prevent expenditures like those required to get it.

Specifically, Rule 34 "contemplates a party's legal right or practical ability to obtain the materials from a nonparty to the action. . . . A party also is charged with knowledge of what its agents know or what is in records available to it." *Ocean Sky Int'l, L.L.C. v. LIMU Co., L.L.C.*, No. 3:18-CV-00528, 2020 WL 4927516, at *3 (W.D. La. Aug. 21, 2020) (internal citations and quotations omitted). In practice, "a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *See Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018) (internal citation and quotation omitted).

Thus, IT IS ORDERED that, within <u>14 days of the date of this Order</u>, Defendants will:

1. reasonably search Defendants' own records, and reasonably inquire as to the records of others (including Defendants' insurer and broker) as

        to any responsive insurance policies or documents, considering the reasonable range of judgments and relevant time periods at issue;

2. produce any responsive insurance policies and documents to Plaintiffs; and

3. provide a certified narrative response to counsel for Plaintiffs that the Rule 34 inquiry has been appropriately made; that responsive policies and documents have been produced, and; other potential policies or documents that may have provided coverage, if any, have been considered and excluded as non-responsive.

IT IS FURTHER ORDERED THAT, in all other respects, the Motion to Compel (ECF No. 79) is DENIED IN PART.

IT IS FURTHER ORDERED THAT the Motion for Attorney's Fees (ECF No. 79) IS DENIED, as Defendats' opposition – though attenuated in some measures – was justified to the extent necessary to avoid penalties.  However, any additional withholding or parsing on Defendants' part which delays appropriate production will result in the imposition of attorney's fees awards, among other penalties.

As to Defendants' request for clarification, there does appear to be some need to clarify and to make minor adjustments to these pretrial deadlines. These deadlines will no doubt be the last set before trial, and will govern complex, challenging litigation steps in the coming months. Therefore, the Motion to Alter is GRANTED IN PART AND DENIED IN PART as follows:

The Jury Trial remains set for April 12, 2021. The Pretrial Conference remains set for February 23, 2021. All deadlines without noted changes below remain set. The other governing pretrial deadlines are:

| DATE | DEADLINE |
|---|---|
| April 5, 2021 | Bench Books |
| April 5, 2021 | Real Time Glossary |
| February 26, 2021 | Dispositive Motions |
| February 26, 2021 | *Daubert* Motions |
| February 12, 2021 | Expert Depositions |
| February 12, 2021 | Pretrial Order |
| February 12, 2021 | Trial Depositions |
| February 5, 2021 | Discovery Deadline |
| February 5, 2021 | Motions in Limine (RESET by this Order) |
| January 20, 2021 | Pretrial Order Meeting of Counsel |
| January 13, 2021 | Defendant's Expert Reports (RESET by this Order) |

SIGNED on Tuesday, November 17, 2020.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4